**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| BMO BANK N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. _____ |
| v. | ) |
| | ) |
| JOEY PAYNE, an individual, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**VERIFIED COMPLAINT**

Plaintiff BMO Bank N.A., by and through its undersigned counsel, complains of defendant Joey Payne, as follows:

**I.  THE PARTIES**

1.     Plaintiff BMO Bank N.A. (the "Bank") is a national banking association with a principal place of business located at 320 S. Canal Street, Chicago, Illinois 60606.

2.     Defendant Joey Payne ("Defendant") is an individual residing, upon information and belief, at 1768 Fire Tower Road SE, Fairmount, Georgia 30139.

**II. JURISDICTION AND VENUE**

3.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the Bank and Defendant are of diverse citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in this District. Specifically, Defendant is a natural persons domiciled in this District (*see* 28 U.S.C. § 1391(c)(1)).

### III.   FACTUAL BACKGROUND

#### A. Non-Party Borrower's Bankruptcy

5. Non-party borrower Joey Payne Farms, LLC ("Borrower") is the borrower under the Loan and Security Agreement secured by certain collateral financed by Plaintiff.  Defendant guaranteed Borrower's obligations under the Loan Agreement (defined below).

6. On January 2, 2026, Borrower filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division (the "Bankruptcy Court"), Case No. 26-40005-pwwb (the "Bankruptcy Case").

7. By filing this present action, Bank is not seeking to exercise any rights and remedies against Borrower or Borrower's property.  Plaintiff is pursuing its rights and remedies against Borrower and the Collateral (as defined herein) exclusively in the Bankruptcy Case.

8. Defendant is not a debtor in the Bankruptcy Case or any other bankruptcy case. Defendant's obligations to Plaintiff under the guaranty are separate

and apart from those of Borrower. By bringing this action, Bank is only seeking to enforce Banks' rights and remedies as to Defendant[1].

## B. The Loan Agreement and Guaranty

9.      On April 30, 2024, Borrower and Bank, as lender, entered into that certain Loan and Security Agreement, ending in 64001, (the "Loan Agreement"), pursuant to which Bank agreed to finance Borrower's purchase of one (1) 2025 Kenworth T880-Series: T880 122.5" BBC Conv Cab SBA Truck 6X4 identified by serial number 1NKZLP0X0SJ137200 and one (1) 2024 Ox Dump identified by serial number RF5449A2427 (collectively, the "Collateral"), in exchange for a total payment of $326,088.72, payable in 72 monthly installments of $4,529.01 each, commencing on June 1, 2024.  A copy of the Loan Agreement is attached hereto as **Exhibit A**.

10.      As further consideration for entering into the Loan Agreement, on April 30, 2024, Defendant executed a certain Continuing Guaranty in favor of Bank absolutely and unconditionally guarantying Borrower's present and future obligations to Bank (the "Guaranty").  A true and correct copy of the Guaranty is attached hereto as **Exhibit B** and incorporated herein.

---

[1] Any adequate protection payments made in the Bankruptcy Case will be duly credited to the amount due and owing under the Loan Agreement.

## C. **Default Provisions**

11.    Pursuant to the Loan Agreement, an Event of Default shall occur if, *inter alia*, Borrower fails to pay when due any amount owed to Bank under the Loan Agreement.  *See* Loan Agreement § 5.1.

12.    Additionally, an Event of Default shall also occur if, *inter alia*, a petition in bankruptcy is filed by borrower. *See* Loan Agreement § 5.1.

13.    An Event of Default shall occur if "Debtor or Guarantor fails to pay any Liabilities when due to Bank or any Affiliate of Bank or is otherwise in default under any other document, agreement or instrument…." *Id*.

14.    Pursuant to the Loan Agreement, upon the occurrence of an Event of Default, Bank may, at its option, with or without notice to Defendant, *inter alia*, (i) declare the Loan Agreement to be in default, (ii) declare the indebtedness under the Loan Agreement to be immediately due and payable, and (iii) exercise all of the rights and remedies of a secured party under the Uniform Commercial Code.  *See* Loan Agreement § 5.2.  All of Bank's rights under the Loan Agreement are cumulative and not alternative.  *See* Loan Agreement §7.3(b).

15.    Pursuant to the Loan Agreement, Borrower is obligated to pay Bank all expenses of retaking, holding, preparing for sale, selling and the like of the Collateral, including without limitation (a) the reasonable fees of any attorneys

retained by Bank and (b) all other legal expenses incurred by Bank.  *See* Loan Agreement § 5.2.

16.    Borrower is liable to Bank for any deficiency remaining after disposition of the Collateral after default.  *See id.*

17.    Upon acceleration of Borrower's obligations under the Loan Agreement, interest on all sums then owing shall accrue at the rate of 1½% per month.  *See* Loan Agreement § 5.3.

18.    Pursuant to the terms of the Guaranty, Defendant waived his right to a jury trial of any claim or cause of action relating thereto.  *See* Guaranty.

### D. <u>The Payment Defaults</u>

19.    Borrower is in default under the terms and conditions of the Loan Agreement having failed, *inter alia*, to make payments when due thereunder.

20.    Defendant is in default under the terms and conditions of the Guaranty, having failed to make payments when due thereunder.

21.    Bank has performed any and all obligations to be performed by it under the terms of the Loan Agreement and the Guaranty.

22.    On January 14, 2026, Bank notified Defendant of the default status of the Loan Agreement and Guaranty (the "<u>Default Notice</u>") and demanded payment in full under the terms of the Guaranty. A true and correct copy of the Default Notice is attached hereto as **Exhibit C** and incorporated herein.

23.    At the time of filing of this Complaint, Defendant has not cured the default under the Loan Agreement and Guaranty.

24.    Due to these defaults and pursuant to the express terms of the Loan Agreement and Guaranty, Bank is entitled to contractual money damages as set forth therein.

### E. Bank's Damages

25.    As a result of the breaches by Defendant, Bank has been damaged in an amount equal to not less than $220,552.71 as of June 17, 2026, with interest at the Default Rate of 18% *per annum* continuing to accrue in the amount of $94.85 per day.

26.    The Loan Agreement permits Bank to collect, as additional damages, its attorneys' fees and costs of collection incurred in relation to the Loan Agreement and the Collateral.  *See* Loan Agreement, § 5.2.

### COUNT I – BREACH OF GUARANTY

27.    Bank hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

28.    Bank has performed all terms and conditions of the Guaranty to be performed by Bank.

29.    Under the Guaranty, Defendant is liable for all amounts due to Bank under the Loan Agreement.

30.     The amount due and owing under the Loan Agreement and Guaranty as of June 17, 2026, was not less than $220,552.71, not including attorney's fees and costs.

31.     Defendant is in default under the terms and conditions of the Guaranty, having failed to make payments thereunder.

32.     As a direct and proximate result of Defendant's breach of the Guaranty, Bank has incurred and continues to incur substantial damages.

33.     The Loan Agreement and Guaranty provide that Bank shall recover its attorneys' fees, costs of collection, and interest on all amounts due and owing.

34.     Bank has been required to retain the services of counsel to prosecute this claim and is therefore entitled to an award of attorneys' fees and costs.

WHEREFORE, Bank prays that this Court enter a judgment in its favor and against Defendant in the amount due under the Guaranty, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

Dated: June 22, 2026                     Respectfully submitted,

                                          *s/ London England*
                                         London England (SBN 826858)
                                         Email: lengland@reedsmith.com
                                         REED SMITH LLP
                                         999 Peachtree Street NE,
                                         Suite 2500
                                         Atlanta, GA  30309
                                         Telephone: +1 470 947 5800
                                         Facsimile: +1 470 947 5799
                                         *Counsel for Plaintiff BMO Bank N.A.*

- 7 -

## VERIFICATION

STATE OF IOWA   )

        )

COUNTY OF LINN  )

   Under penalties of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated in it are true. I further declare that: My name is Debb White, I am a litigation specialist of plaintiff, BMO Bank N.A. (the "Bank"), I have authority to make this Verification on the Bank's behalf, and this Verification is made based on my personal knowledge and as facts appear in the business records of the Bank.

_____

Debb White
Litigation Specialist
BMO Bank N.A.

Sworn and subscribed before me this ⟨18⟩ day of June, 2026, by Debb White, as Litigation Specialist of BMO Bank N.A. and on its behalf, who (X) is personally known to me or (__) has produced _____ as identification.

_____

Notary Public, State of Iowa

Printed Name: _Stacy Ann Winistorfer_

Commission No.: _858360_

**STACY ANN WINISTORFER**
Notarial Seal - Iowa
Commission No. 858360
My Commission Expires Aug. 23, 2027

My commission expires: 8-23-27